IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALLISON GRITTANI on her own
behalf and all similarly situated
individuals,

    Plaintiff,

v.                                      Case No.: 8:18-cv-1700-T-23AAS

DRIFTWOOD BAY CONCEPTS INC.
d/b/a SEA HAGS BAR AND GRILL, a
Florida profit corporation, and DAVID MIZE,
individually,

    Defendants.
_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ALLISON GRITTANI ("Plaintiff"), on behalf of herself and other employees and former employees similarly situated, by and through undersigned counsel, files this Amended Complaint against Defendants, DRIFTWOOD BAY CONCEPTS INC. d/b/a SEA HAGS BAR AND GRILL ("Sea Hags") and DAVID MIZE ("Mize"), individually, (together, the "Defendants") and states as follows:

### NATURE OF THE ACTION

1. Plaintiff alleges on behalf of herself and other similarly situated current and former "Server" employees of the Defendants, who elect to opt into this action, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are: (i) entitled to minimum wages from Defendants for work they performed, for which Defendants failed to compensate them at a rate of at least minimum wage; (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 et seq; (iii) declaratory relief pursuant to 28 U.S.C. § 2201; and (iv) entitled to attorneys' fees and costs.

2. Plaintiff further complains on behalf of herself, and a class of other similarly situated current and former "Server" employees of the Defendants, pursuant to Federal Rule of Civil Procedure

23, that they are entitled to back wages from Defendants for hours of work for which they did not receive at least the Florida minimum wage for all hours worked, in violation of Article X, Section 24 of the Florida Constitution ("Florida Minimum Wage Claims").

## JURISDICTION

3. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, et seq., hereinafter, referred to as the "FLSA") to recover unpaid minimum wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

4. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 216(b).

5. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

6. This Court has jurisdiction over the Florida Minimum Wage Claims pursuant to 28 U.S.C. § 1367, because the acts and omissions that give rise to Plaintiff's FLSA claims are the same acts and omissions that give rise to Plaintiff's Florida Minimum Wage Claims. Additionally, all conditions precedent has been satisfied, as Plaintiff has previously tendered demand for payment to Defendants.

7. Venue is proper in this Court because Plaintiff resides within the District, Defendants maintain business operations within the District, and Plaintiff's claims accrued in this District.

## PARTIES

8. At all times material hereto, Plaintiff was, and continues to be a resident of Pinellas County, Florida.

9. At all times material hereto, SEA HAGS was a Florida Profit Corporation. Further, at all times material hereto, SEA HAGS was engaged in business in Florida, with a principle place of business in Pinellas County, Florida.

10. At all times material hereto, MIZE was, and continues to be a resident of Pinellas

County, Florida.

11. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of § 6 and § 7 of the FLSA. Specifically, throughout her employment, Plaintiff regularly processed credit card transactions with credit card companies, banks and third-party service providers that were located outside the State of Florida.

12. At all times material hereto, MIZE owned and operated SEA HAGS.

13. At all times material hereto, MIZE regularly held and/or exercised the authority to hire and fire employees of SEA HAGS.

14. At all times material hereto, MIZE regularly held and/or exercised the authority to determine the work schedules for the employees of SEA HAGS.

15. At all times material hereto, MIZE regularly held and/or exercised the authority control the finances and operations of SEA HAGS.

16. By virtue of having held and/or exercised the authority to: (a) hire and fire employees of SEA HAGS; (b) determine the work schedules for the employees of SEA HAGS; and (c) control the finances and operations of SEA HAGS, MIZE is an employer as defined by 29 U.S.C § 201 et. seq.

## COVERAGE

17. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

18. At all times material hereto, Defendants were the "employers" within the meaning of the FLSA.

19. Defendants were, and continue to be, "employers" within the meaning of the FLSA.

20. At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA, by virtue of their regular purchase and receipt of items from out of state, including food, drinks, alcoholic beverages, cash registers, phones, dishes,

pots, stoves and other materials and tools that are necessary and integral to their business.

21. At all times material hereto, Defendants were, and continue to be, enterprises engaged in the "production of goods for commerce" within the meaning of the FLSA.

22. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

23. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as food, drinks, beverages, cash registers, pots, pans, dishwashing equipment, telephones and other kitchen, food preparation and office materials and tools.

24. At all times material hereto, Plaintiff was "engaged in commerce" by virtue of the fact that she regularly completed financial transactions with Defendants' customers' credit card companies, banks, and third-party payment processing services outside the State of Florida, as part of her duties as a Server.

25. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

26. At all times material hereto, Defendants performed related activities, for a common business purpose, and with shared employees and operational control.

27. At all times material hereto, SEA HAGS was owned and operated by MIZE.

28. At all times material hereto, SEA HAGS operated for a common business service, to serve food and beverages to the general public in a sit-down restaurant setting.

29. At all times material hereto, MIZE exercised sufficient control and authority over Plaintiff such that he was also acting as her employer pursuant to the FLSA.

**STATEMENT OF FACTS**

30. On or about November 13, 2010, Defendants hired Plaintiff to work as a non-exempt "Server."

31. From at least July, 2013 and continuing through October, 2017, Defendants failed to pay Plaintiff at least the applicable minimum wage for all weeks or hours worked.

32. The minimum wages Defendant purported to pay Plaintiff were calculated based on a tip credit.

33. All at material times during Plaintiff's employment, Defendants deducted a tip credit from Plaintiff.

34. Defendants utilized the tip credit and purported to pay Plaintiff a tipped minimum wage based on the tip credit.

35. An employer may not claim a tip credit as to an employee's wages unless the employer has provided the employee with the notice required by section 203(m) of the FLSA.

36. Defendants failed to provide employees with the notice required by section 203(m) of the FLSA pertaining to the tip credit, and were therefore not permitted to take the tip credit.

37. With respect to allowing an employee to keep all of their tips, an employer may not take deductions from the employee's tips.

38. When employers take unlawful deductions from an employee's tips, the employer is not permitted to take the tip credit.

39. Defendants had a practice of deducting monies from their employee's earned tips for walk-outs, *i.e.* customers that did not pay their check.

40. Defendants required Plaintiff to spend over twenty (20%) percent of her time perform non-tipped work, including closing down stations, refilling condiments and cleaning. Additionally, between November, 2016 and December, 2017, Plaintiff assumed a quasi-supervisory role supervising bartenders and closing down the restaurant for the evening. However, Defendants purported to pay Plaintiff the tipped minimum wage even though Plaintiff was performing non-tipped work.

41. As a result of these common policies and nature of the work required, Plaintiff is

entitled to receive the tip credit taken for each hour worked as repayment for the tip credit improperly deducted from her wages.

42. Additionally, Defendants regularly required Plaintiff to attend staff meetings "off the clock" for which Plaintiff and other employees received no compensation.

43. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

44. Defendants have violated Title 29 U.S.C. §§ 206 and Article X, Section 24 of the Florida Constitution from July, 2013 and continuing to date, in that:

    a. No payments, or insufficient payments and/or provisions for payment, have been made by Defendants to properly compensate Plaintiff and those similarly situated to Plaintiff at a rate equal to the applicable to the Federal or Florida Minimum Wage, for all weeks worked, as required by Article X, Section 24 of the Florida Constitution; and

    b. Defendants have failed to maintain proper time records as mandated by the FLSA.

45. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COLLECTIVE ACTION ALLEGATIONS

46. Plaintiff and the class members were all "Servers" and performed the same or similar job duties as one another in that they served Defendants patrons food and beverages.

47. Plaintiff and the class members were subjected to the same pay provisions in that they were not paid an hourly minimum wage by Defendants.

48. The minimum wages Defendant purported to pay Plaintiff and the class members were calculated based on a tip credit.

49. All at material times during Plaintiff and the class members' employment, Defendants deducted a tip credit from them.

50. Defendants utilized the tip credit and purported to pay Plaintiff and the class members a tipped minimum wage based on the tip credit.

51. An employer may not claim a tip credit as to an employee's wages unless the employer has provided the employee with the notice required by section 203(m) of the FLSA.

52. Defendants failed to provide employees with the notice required by section 203(m) of the FLSA pertaining to the tip credit, and was therefore not permitted to take the tip credit.

53. With respect to allowing an employee to keep all of their tips, an employer may not take deductions from the employee's tips.

54. When employers take unlawful deductions from an employee's tips, the employer is not permitted to take the tip credit.

55. Defendants had a practice of deducting monies from their employee's earned tips for walk-outs, *i.e.* customers that did not pay their check.

56. Defendants required Plaintiff and the class members to perform non-tipped work, including closing down stations, refilling condiments and cleaning. However, Defendants purported to pay Plaintiff and the class members the tipped minimum wage based on the tip credit for performing non-tipped work.

57. As a result of these common policies, Plaintiff and the class members are entitled to receive the tip credit taken for each hour worked as repayment for the tip credit improperly deducted from their wages.

58. Additionally, Defendants regularly required Plaintiff and other employees to attend staff meetings "off the clock" for which Plaintiff and other employees were not paid

59. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff and the class members are in the possession

and custody of Defendants.

60. This policy or practice was applicable to Plaintiff and the class members.

61. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of minimum wages and overtime to Plaintiff applied and continues to apply to all class members. Accordingly, the class members are properly defined as:

> **All "Servers" who worked for Defendants within the last three years who were not compensated at the required minimum wage due for all hours worked or who were subjected to a tip credit deduction.**

62. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay minimum wages with respect to Plaintiff and the class members.

63. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

64. Defendants have acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

65. Defendants have failed to maintain accurate records of Plaintiff's and the class members' work hours in accordance with the law.

## CLASS ALLEGATIONS

66. Plaintiff sues on her own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

67. Plaintiff brings her Florida Minimum Wage Claims on behalf of all persons who were employed by Defendants at any time since July, 2013, to the entry of judgment in this case (the "Class Period"), who were "Server" employees and who have not been paid at least the applicable Florida Minimum Wage for hours worked, as required, in violation of Article X, Section 24 of the

Florida Constitution (the "Class").

68. The minimum wages Defendant purported to pay Plaintiff and the Class were calculated based on a tip credit.

69. All at material times during Plaintiff's and the Class' employment, Defendants deducted a tip credit from the minimum wages purportedly paid to Plaintiff and the Class.

70. Defendants utilized the tip credit and purported to pay Plaintiff and the Class a tipped minimum wage based on the tip credit.

71. An employer may not claim a tip credit as to an employee's wages unless the employer has provided the employee the notice required by section 203(m) of the FLSA pertaining to the tip credit.

72. Defendants failed to provide employees with notice required by section 203(m) of the FLSA pertaining to the tip credit, and was therefore not permitted to take the tip credit.

73. With respect to allowing an employee to keep all of their tips, an employer may not take deductions from the employee's tips.

74. When employers take unlawful deductions from an employee's tips, the employer is not permitted to take the tip credit.

75. Defendants had a practice of deducting monies from their employee's earned tips for walk-outs, *i.e.* customers that did not pay their check.

76. Defendants required Plaintiff and the Class to perform non-tipped work, including closing down stations, refilling condiments and cleaning.  However, Defendants purported to pay Plaintiff and the Class the tipped minimum wage based on the tip credit for performing non-tipped work.

77. As a result of these common policies, Plaintiff and the Class are entitled to receive the tip credit taken for each hour worked as repayment for the tip credit improperly deducted from their wages.

78. Additionally, Defendants required Plaintiff and other Class members to attend staff meetings "off the clock" for which no compensation was paid.

79. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff and the Class are in the possession and custody of Defendants.

80. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are between 50 and 100 members of the Class during the Class Period.

81. The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods of fair and efficient adjudication of the controversy - - particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

82. The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

83. Specifically, Plaintiff and the class members were subjected to the same pay provisions in that they were not paid an hourly minimum wage by Defendants.

84. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of minimum wages to Plaintiff applied and continues to apply to all class members. Accordingly, the class members are properly defined as:

> **All "Servers" who worked for Defendants within the last five (5) years who were not paid at least the Florida Minimum Wage for all hours worked in one or more work weeks and who were subjected to a tip credit deduction.**

10

85. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

86. Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

87. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

   a. whether the Defendants employed the members of the Class within the meaning of Article X, Section 24 of the Florida Constitution;

   b. whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and members of the Class;

   c. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

   d. whether Defendants failed and/or refused to pay the members of the Class at least the Florida Minimum Wage for certain hours worked each week;

   e. whether the Defendants are liable for all damages claimed hereunder, including but not limited to, costs, disbursements and attorney's fees; and

   f. whether the Defendants should be enjoined from such violations of Article X, Section 24 of the Florida Constitution in the future.

## COUNT I
## RECOVERY OF MINIMUM WAGES (FLSA)

88. Plaintiff realleges and reavers paragraphs 1 through 87 of the Complaint as if fully set forth herein.

89. Plaintiff was entitled to be paid the applicable federal minimum wage for each week Plaintiff worked during Plaintiff's employment with Defendants.

90. Defendants failed to pay Plaintiff the federal minimum wage for each week Plaintiff

worked for Defendants.

91. As a result of Defendants' actions in this regard, Plaintiff has not been paid the federal minimum wage for each hour worked during one or more weeks of employment with Defendants.

92. Defendants willfully failed to pay Plaintiff the federal minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

93. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

94. Defendants failed to inform Plaintiff of the tip credit provisions of the FLSA.

95. As stated above, Defendants have a policy and practice paying Plaintiff the reduced tip-credit minimum wage while making unlawful deductions from earned tips.

96. Such a policy and practice violates the FLSA's tip credit provisions.

97. In addition, Defendants did not maintain and keep accurate times records as required by the FLSA for Plaintiff.

## COUNT II
## RECOVERY OF UNPAID WAGES (STATE LAW)

98. Plaintiff, on behalf of herself and all others similarly situated, realleges and incorporates by reference the allegations contained in paragraphs 1 through 87 above as if fully set forth herein.

99. Plaintiff, and those similarly situated employees, are/were entitled to be paid at least the Florida minimum wage for each hour/week worked during employment with Defendants.

100. Specifically, Plaintiff, and those similarly situated employees, were not paid the proper minimum wage, as required by Article X, Section 24 of the Florida Constitution.

101. Defendants willfully failed to pay Plaintiff, and those similarly situated employees,

minimum wages for one or more weeks during Plaintiff's employment contrary to Article X, Section 24 of the Florida Constitution.

102. Plaintiff and those similarly situated employees, were subjected to a tip-credit deduction for non-tipped work.

103. Pursuant to Article X, Section 24(c) of the Florida Constitution, a tip credit exemption from Florida's minimum wage requirements may only be taken when the employer is otherwise eligible to do so under the FLSA.

104. Defendants' failure to inform Plaintiff of the tip credit provisions of the FLSA violated to FLSA.

105. Defendants' practice of deducting monies from tips invalidates the tip credit in violation of the FLSA and Article X, Section 24(c) of the Florida Constitution.

106. Defendant's failure to compensate Plaintiff and other employees for the time spent attending staff meetings "off the clock" violates the FLSA and Article X, Section 24(c) of the Florida Constitution.

107. Although such prerequisites are unconstitutional, Plaintiff has complied with all statutory prerequisites to bringing her claim pursuant to Article X, Section 24 of the Florida Constitution.

108. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff, and those similarly situated employees, have been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

109. Plaintiff is entitled to an award of damages in an amount equal to the relevant Florida Minimum Wage, and an equal amount as liquidated damages.

110. Plaintiff is entitled to an award of reasonable attorneys' fees and costs, pursuant to Article X, Section 24 of the Florida Constitution.

111. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

a. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and her counsel to represent the Class;

b. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and her counsel to represent the Collective Action members;

c. Declaring, pursuant to 29 U.S.C. §§ 2201 and 2202, that the acts and practices complained of herein are in violation of the minimum wage provisions of the FLSA;

d. Awarding Plaintiff minimum wages in the amount due to her for Plaintiff's time worked in each work week;

e. Awarding Plaintiff liquidated damages in an amount equal to the minimum wages award;

f. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b) and/or Article X, Section 24 of the Florida Constitution;

g. Awarding Plaintiff judgment for Plaintiff and against Defendants for violation of 29 U.S.C. § 215(a)(3); as well as back pay, an equal amount in liquidated damages, front pay, compensatory damages, punitive damages, reasonable costs and attorneys' fees and all other equitable relief this Court deems just;

h. Awarding Plaintiff pre-judgment interest;

i. Granting Plaintiff an Order, on an expedited basis, allowing her to send Notice of this action, pursuant to § 216(b) and/or Fed. R. Civ. P. 23, to those similarly situated to Plaintiff; and

j. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 9th day of November, 2018.

/s/ *Marc R. Edelman*
MARC R. EDELMAN, ESQ.
Florida Bar No.: 0096342
201 N. Franklin Street, Suite 700
Tampa, Florida 33602
Telephone: 813.223.5502
Facsimile: 813.223.5402
E-mail: MEdelman@forthepeople.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been provided via electronic transmission and/or via U.S. Mail on this 9th day of November, 2018, to the following:

R. Michael Pierro, Jr.
mikepierro@rmpemploymentlaw.com
LAW OFFICE OF R. MICHAEL PIERRO, JR., P.A.
146 Second Street North – Suite 310
St. Petersburg, Florida 33701
*Attorney for Defendant*

/s/ *Marc R. Edelman*
MARC R. EDELMAN, ESQ.