UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| ALLISON GRITTANI on her own behalf and all similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>DRIFTWOOD BAY CONCEPTS INC. d/b/a SEA HAGS BAR AND GRILL, a Florida profit corporation, and DAVID MIZE, individually,<br><br>Defendant. | Case No. 8:18-cv-01700-SDM-AAS |

**ANSWER AND AFFIRMATIVE DEFENSES TO**
**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

COME NOW DRIFTWOOD BAY CONCEPTS INC. d/b/a SEA HAGS BAR AND GRILL ("Sea Hags") and DAVID MIZE ("Mize") (collectively "Defendants"), by and through their undersigned counsel and pursuant to Rules 8(b) and 12(a) of the Federal Rules of Civil Procedure, hereby serve and file their Answer and Affirmative Defenses to the Amended Complaint filed by ALLISON GRITTANI ("Plaintiff" or "Grittani") in this litigation. With respect to each paragraph of Plaintiff's Amended Complaint and Demand for Jury Trial ("Amended Complaint"), Defendants respond:

**NATURE OF THE ACTION**

1. Admitted that Plaintiff makes the allegations contained in paragraph 1. It is denied that the allegations have any merit. It is denied that Plaintiff is entitled to any of the relief requested therein.

2. Admitted that Plaintiff makes the allegations contained in paragraph 2. It is denied that the allegations have any merit. It is denied that Plaintiff is entitled to any of the relief requested therein.

## JURISDICTION

3. Admitted that jurisdiction is proper.

4. Admitted.

5. Admitted that Court generally has authority to grant declaratory relief. It is denied that Plaintiff is entitled to declaratory relief.

6. Denied.

7. Admitted that venue is proper.

## PARTIES

8. Defendants are without knowledge as to Plaintiff's residence.

9. Admitted.

10. Admitted.

11. Denied.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Denied.

## COVERAGE

17. Admitted that Plaintiff was an employee of Defendant Sea Hags. It is denied that Plaintiff was an employee of Defendant Mize.

18. Admitted that Defendant Sea Hags was an employer. It is denied that Defendant Mize was an employer.

19. Admitted that Defendant Sea Hags continues to be an employer. It is denied that Defendant Mize has ever been an employer.

20. Admitted that Defendant Sea Hags is an enterprise under the FLSA. It is denied that Defendant Mize is an enterprise or part of an enterprise.

21. Admitted that Defendant Sea Hags continues to be an enterprise under the FLSA. It is denied that Defendant Mize has ever been an enterprise.

22. Admitted that Defendant Sea Hags had gross revenue in excess of $500,000 per annum during the relevant time periods. The allegations in paragraph 22 are otherwise denied.

23. Admitted as to Defendant Sea Hags. The allegations are denied as to Defendant Mize.

24. Denied.

25. Denied.

26. Denied.

27. Admitted.

28. Admitted.

29. Denied.

## STATEMENT OF FACTS

30. Denied

31. Denied.

32. Admitted.

33. It is admitted that at all times materials during Plaintiff's employment with Defendant Sea Hags, Plaintiff was paid a tip-credited wage in accordance with Section 203(m) of the FLSA. The allegations in paragraph 33 are otherwise denied.

34. It is admitted that at all times materials during Plaintiff's employment with Defendant Sea Hags, Plaintiff was paid a tip-credited wage in accordance with Section 203(m) of the FLSA. The allegations in paragraph 34 are otherwise denied.

35. Admitted.

36. Denied.

37. Denied.

38. Admitted.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Admitted.

44. Denied.

    a. Denied;

    b. Denied.

45. Admitted that Plaintiff has purportedly retained Morgan & Morgan and has purportedly agreed to pay said firm a fee for its services. Defendants are without knowledge as to the amount of the fee or reasonableness/unreasonableness thereof.

## COLLECTIVE ACTION ALLEGATIONS

46. Denied.

47. Denied.

48. It is admitted that at all times materials during Plaintiff's employment with Defendant Sea Hags, Plaintiff and similarly-situated employees were paid a tip-credited wage in accordance with Section 203(m) of the FLSA. The allegations in paragraph 48 are otherwise denied.

49. It is admitted that at all times materials during Plaintiff's employment with Defendant Sea Hags, Plaintiff and similarly-situated employees were paid a tip-credited wage in accordance with Section 203(m) of the FLSA. The allegations in paragraph 49 are otherwise denied.

50. It is admitted that at all times materials during Plaintiff's employment with Defendant Sea Hags, Plaintiff and similarly-situated employees were paid a tip-credited wage in accordance with Section 203(m) of the FLSA. The allegations in paragraph 50 are otherwise denied.

51. Admitted.

52. Denied.

53. Denied.

54. Admitted.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Admitted.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

## CLASS ALLEGATIONS

66. It is admitted that Plaintiff purportedly sues on her own behalf and on behalf of an alleged class of persons. It is denied that such alleged class should be certified.

67. It is admitted that Plaintiff purportedly brings her Florida Minimum Wage Claim on behalf of an alleged category of persons identified in paragraph 43. It is denied that such persons were not paid at least the applicable Florida Minimum Wage.

68. It is admitted that at all times materials during Plaintiff's employment with Defendant Sea Hags, Plaintiff and similarly-situated employees were paid a tip-credited wage in accordance with Section 203(m) of the FLSA. The allegations in paragraph 68 are otherwise denied.

69. It is admitted that at all times materials during Plaintiff's employment with Defendant Sea Hags, Plaintiff and similarly-situated employees were paid a tip-credited wage in accordance with Section 203(m) of the FLSA. The allegations in paragraph 69 are otherwise denied.

70. It is admitted that at all times materials during Plaintiff's employment with Defendant Sea Hags, Plaintiff and similarly-situated employees were paid a tip-credited wage in accordance with Section 203(m) of the FLSA. The allegations in paragraph 70 are otherwise denied.

71. Admitted.

72. Denied.

73. Denied.

74. Admitted.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Admitted.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

## COUNT I
## RECOVERY OF MINIMUM WAGES (FLSA)

88. Defendants reassert and incorporate by reference its responses to Paragraphs 1 through 87 of Plaintiff's Amended Complaint as if set forth fully herein.

89. It is denied that Plaintiff was employed by Defendant Mize. The allegations in paragraph 89 are otherwise admitted.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

Defendants deny that the Plaintiff is entitled to any of the relief requested in the WHEREFORE clause of Count I of her Amended Complaint.

## COUNT II
## RECOVERY OF UNPAID WAGES (STATE LAW)

98. Defendants reassert and incorporate by reference its responses to Paragraphs 1 through 87 of Plaintiff's Amended Complaint as if set forth fully herein.

99. It is admitted that Plaintiff and employees who served in the same job position were entitled to be paid at least the Florida minimum wage during employment with Defendant Sea Hags. The allegations in paragraph 99 are otherwise denied.

100. Denied.

101. Denied.

102. Denied.

103. Admitted.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied

111. Admitted that Plaintiff demands a trial by jury.

Defendants deny that the Plaintiff is entitled to any of the relief requested in the WHEREFORE clause of Count II of her Amended Complaint

### JURY DEMAND

Defendant acknowledges that Plaintiff has made a demand for a jury trial.

### DEFENDANT'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff was compensated at least the applicable Florida minimum wage for all hours worked.

### SECOND AFFIRMATIVE DEFENSE

Defendants maintained all time and pay records in compliance with the FLSA and Florida's minimum wage law.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims for liquidated damages under the FLSA and Florida's minimum wage law fail as Defendants acted in good faith with regard to FLSA and Florida minimum wage law compliance in that Plaintiff's wages were properly calculated and paid pursuant to Florida's minimum wage law and the FLSA's statutory and regulatory provisions.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's FLSA claim is precluded in whole or in part by the applicable two-year statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to application of the three-year FLSA statute of limitations as she cannot establish a willful violation of the FLSA by the Defendants.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Florida minimum wage claim is precluded in whole or in part by the applicable statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to application of the five-year statute of limitations under Florida's minimum wage law as she cannot establish a willful violation of the law by the Defendants.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claim under Florida's minimum wage law is precluded as she failed to meet a condition precedent to bringing this action, *i.e.*, she did not serve Defendants with a pre-suit notice in accordance with the strictures of Fla. Stat., Section 448.110(6)(a).  The notice sent by Plaintiff was legally deficient as it included a global demand on behalf of not only Plaintiff but also unidentified members of a purported class which has not been certified.  Moreover, the demand impermissibly required the payment of liquidated damages.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff was properly paid under the FLSA an Florida minimum wage law in that she was paid an hourly tip-credited wage for all hours worked in accordance with the requirements of Section 203(m) of the FLSA.

### NOTICE OF INTENT TO SEEK ATTORNEY'S FEES & COSTS

In accordance with any applicable law, Defendants hereby notifies the Plaintiff that they will seek costs and an award of attorney fees in having to defend this litigation pursuant to the FLSA and all other applicable laws.

Dated this 23rd day of November 2018.  Respectfully submitted,

*s/ R. Michael Pierro, Jr.*
R. MICHAEL PIERRO, JR.
Florida Bar No. 0013023
mikepierro@rmpemploymentlaw.com
*Counsel for Defendants*

**LAW OFFICE OF
R. MICHAEL PIERRO, JR., P.A.**
146 Second Street North – Suite 310
St. Petersburg, Florida 33701
(727) 201-2573 | (727) 491-7072 – Fax

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of November, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to Marc R. Edelman, Esq. (MEdelman@forthepeople.com) Morgan & Morgan, P.A. 201 N. Franklin Street, Suite 700, Tampa, Florida 33602.

*s/ R. Michael Pierro, Jr.*
ATTORNEY